UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DE JONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:24-cv-00381-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 14). |

　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 20).

　　Here, the parties agree that the ALJ erred—specifically, at Step Five by concluding that a significant number of jobs existed that Plaintiff is capable of performing. The only dispute in this case is the scope of the remand. Plaintiff argues that, on remand, the ALJ should be limited to addressing the Step 5 error. Defendant argues that this case should be remanded on an open

record, *i.e.*, the ALJ should be permitted to reconsider all the relevant Steps.

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

**I.      ANALYSIS**

    **A.      Step Five**

At step five, the ALJ must determine whether there are a significant number of jobs available for the claimant in the national economy considering the claimant's age, education, work experience, and residual functional capacity. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1560(c). In determining what constitutes a significant number of jobs, the Ninth Circuit has characterized 25,000 national jobs as "a close call" but ultimately sufficient. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). An ALJ's determination as to whether work exists in significant numbers must be supported by "substantial evidence," which "is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 522 (quotation marks and citation omitted).

Here, the ALJ found Plaintiff capable of performing three jobs—table worker, sorter, and dowel inspector—which had a total of 19,900 jobs nationally. (A.R. 31). Plaintiff argues that this number is substantially below the 25,000 number that the Ninth Circuit has labeled a "close call" and that, according to a new policy announced by the Commissioner, there are good reasons to conclude that the sorter position is obsolete.[1] (ECF No. 14, p. 7, citing Emergency Message (EM) 24027, Social Security Administration, June 22, 2024, available at the following web address: https://secure.ssa.gov/apps10/reference.nsf/links/06212024022159PM). Plaintiff concludes by stating: "Because of the ALJ's thin margin for finding available jobs at step five, removing one occupation makes the step five denial untenable. Thus, remand is necessary to resolve whether

---

[1] Plaintiff also briefly asserts "that jobs for the occupations at issue currently do not exist anywhere near the numbers testified to at Plaintiff's hearing" and "that the conflicts between Plaintiff's adjudicated RFC and the DOT descriptions for the occupations at issue cannot be explained by a VE's 'experience and training.'" (ECF No. 14, p. 6 n.6). He indicates that he may raise these issues on remand.

the step five denial has sufficient evidentiary support regarding the number of available jobs Plaintiff can perform." (*Id.*).

In response, Defendant takes no issue with any of Plaintiff's arguments. Rather, "[t]he Commissioner concedes that the ALJ erred at step five of the sequential evaluation process." (ECF No. 16, p. 1).

Upon review of Plaintiff's argument, and considering that Defendant concedes error, the Court concludes that there is not substantial evidence to support the ALJ's conclusion at Step 5 that a significant number of national jobs exist that Plaintiff can perform. Thus, as explained below, the Court will remand this case for the limited purpose of addressing this issue.

**B.     Scope of Remand**

While the parties agree that the ALJ erred at Step 5, they disagree as to the scope of remand. Plaintiff argues that the ALJ should not be permitted to reconsider the unchallenged findings and that the Court should simply remand the case to allow the ALJ to "cure[] the step five error identified." (ECF No. 14, p. 9). Defendant argues that "[t]he Court should remand for additional administrative proceedings on an open record." (ECF No. 16, p. 4). Upon review, the Court concludes that Plaintiff has the better argument.

Courts are empowered to—and often do—limit the scope of remand in social security cases:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. *See, e.g., Cooper v. Bowen*, 815 F.2d 557, 561 (C.A.9, 1987). Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining claimant disability. *See, e.g.*, *Cole v. Secretary of Health and Human Services*, 820 F.2d 768, 772–773 (C.A.6, 1987). Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*Sullivan v. Hudson*, 490 U.S. 877, 885–86 (1989).

Although Defendant contends that the "ordinary remand rule" is to remand on an open record, the case that Defendant cites to support this proposition, *Treichler v. Comm'r of Soc. Sec.*

*Admin.*, 775 F.3d 1090 (9th Cir. 2014), lends no such support. Rather, *Treichler* addressed the circumstances under which a court should remand for further administrative proceedings—the ordinary remand rule—or should instead depart from this rule when rare circumstances are present and remand for an award of benefits. *Id.* at 1099-1102. Nowhere does *Treichler* instruct that the Court must ordinarily remand for an open record as opposed to limiting the scope of remand with instructions to the Commissioner on what to address.

Next comes the question of whether the Court should limit the scope of remand here to the Step Five issue that Plaintiff raises. On this issue, the Court finds Plaintiff's citation to *Brown v. Kijakazi*, 11 F.4th 1008 (9th Cir. 2021) persuasive. (ECF No. 14, p. 9). In *Brown*, the Ninth Circuit rejected the Commissioner's argument that the Court should remand for a new decision on an entire social security claim:

> This proceeding does not arise from a direct appeal from a decision of one or more invalidly appointed officers, *see Ryder v. United States*, 515 U.S. 177, 188, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995), nor is it a direct petition for review that might similarly have brought the entirety of the administrative decision before us, *see Lucia v. SEC*, ––– U.S. ––––, 138 S. Ct. 2044, 2055, 201 L.Ed.2d 464 (2018). Rather, the statutory procedural vehicle for seeking judicial review of a social security decision is a *civil complaint* filed in the district court, asserting the statutory cause of action against the Commissioner that is provided in § 205(g) of the Act. By its terms, that statute only permits an "individual"—here, the claimant—to challenge a decision of the Commissioner, by filing a "civil action" in the district court. *See* 42 U.S.C. § 405(g). The Commissioner, of course, cannot sue himself, and so the statute does not provide him a cause of action to challenge the portions of his own decision that are favorable to the claimant. Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Court § 7:6 (2021) ("It should be noted that § 405(g), by its own terms, limits federal court jurisdiction to instances in which the claimant is the plaintiff. The Social Security Administration may not appeal [to a district court] from a decision in favor of the claimant."). Moreover, like any complaint in a civil action, a complaint filed by a social security claimant asserting a claim under § 205(g) must set forth the relief requested. *See* Fed. R. Civ. P. 8(a)(3); *see also* Fed. R. Civ. P. 1, 81; *cf.* W.D. Wash. Gen. Ord. 05-15 (June 1, 2015) (exempting Commissioner, in a proceeding brought "pursuant to 42 U.S.C. § 405(g)," from the need to file a separate "Answer" to a "complaint" beyond the filing of the certified administrative record). Given that only the claimant (or, perhaps, the claimant's representative) can file an action under § 205(g), the relief requested in any such complaint will necessarily be limited to only those aspects of the case that are unfavorable to the claimant. Thus, unsurprisingly, the complaint in this case asked

the district court to "review[ ], reverse[ ], and set aside" the ALJ's denial of "disability benefits for the time period of September 28, 2013 through April 24, 2018," and the complaint specifically added that "the finding of disability since April 25, 2018 should not be disturbed."

As the appeal in this civil action comes to us, therefore, the *only* question is whether Brown should be granted the relief he requests, which is to set aside the determination that he was not disabled before April 25, 2018. We have no authority to set aside, or to disturb, the Commissioner's grant of benefits for the time period on or after April 25, 2018, because that was never placed at issue prior to the entry of judgment below. *Cf. Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (relief outside the pleadings should not be granted where opposing party lacked notice and would be prejudiced). We therefore cannot enter an order, as the Government requests, directing that the entirety of the decision be redetermined. To do so would, in effect, assert and grant a form of counterclaim or cross-claim on the Government's behalf, and the Government has not identified any authority that would allow us to do that.

*Id.* at 1009–10.

Here, Plaintiff "only seeks that the Court's order specify the purpose of the remand proceedings is to correct the ALJ's error at step five." (ECF No. 18, p. 3). Thus, the Court deems it appropriate to remand only on this issue rather than an open record as Defendant requests.[2]

Defendant raises one final argument in favor of allowing the ALJ to reconsider Plaintiff's entire case.

As the ALJ pointed out, Plaintiff meets the insured status requirement of the Social Security Act through December 31, 2025. Tr. 19. The ALJ, however, decided Plaintiff's claim through the date of the decision, April 10, 2023. Tr. 32. Since Plaintiff's insured status is continuing to run, there may be additional medical or other evidence to provide updated information about the course of his conditions and associated limitations. The ALJ should not be forced to ignore this evidence on remand merely because he erred at step five in the decision on appeal here.

(ECF No. 16, p. 2; *see* A.R. 17).

However, Plaintiff has been clear that he challenges only the ALJ's decision for the time period at issue: "All Plaintiff's relief contemplates is that the Court not affirmatively empower the

---

[2] Defendant attempts to distinguish *Brown* by briefly arguing that "the ALJ did not find that Plaintiff was disabled at any point, so none of the decision was favorable to him." (ECF No. 16, p. 3). This argument is unpersuasive. The Court does not read *Brown* as instructive only in cases where the claimant was found to be disabled. Rather, the Court concludes that the broader principle that applies from *Brown* is that a claimant gets to choose what portions of an ALJ's decision that the claimant wants to challenge and the Court is limited to the relief requested by the Claimant.

ALJ to arbitrarily re-adjudicate the unchallenged RFC finding *through the date of the last decision. That in no way constrains the ALJ's fact finding role for any unadjudicated periods after the Commissioner's last decision.*" (ECF No. 18, p. 3) (emphasis added). With this in mind, the Court finds persuasive another court's rejection of Defendant's argument:

> The Commissioner worries the ALJ's reconsideration of his step-five determination relevant to January 23, 2019 (plaintiff's alleged disability onset date), through October 8, 2021 (the date of the original ALJ opinion) would necessarily apply through plaintiff's date last insured of December 31, 2024 "without regard to what the evidence from the later period shows." Def. Br. at 5. Not so. Plaintiff asks this Court to rule only on the relief requested in his complaint and opening brief, which will not involve consideration of the time period after October 8, 2021.

*Ellen C-B. v. Comm'r, Soc. Sec. Admin.*, No. 6:22-CV-01650-JR, 2024 WL 1794954, at *2 (D. Or. Apr. 25, 2024).

As set forth below, the Court will instruct the ALJ to reconsider the Step 5 finding through the date of the ALJ's decision, which will avoid the concern that Defendant raises.

In short, the Court concludes that the ALJ's error at Step Five warrants a remand on only the Step-Five issue and not on an open record.

## II.    CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED, for further administrative proceedings consistent with this decision. Specifically, the ALJ is directed to again consider whether there are a substantial number of jobs available that Plaintiff can perform in connection with Step 5 up to the date of the decision that Plaintiff challenges. The ALJ is not permitted to reconsider previous findings unrelated to Step 5, such as redetermining Plaintiff's residual functional capacity. However, this order does not constrain the ALJ's decision-making role for any unadjudicated period.

The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant.
IT IS SO ORDERED.

Dated:  **October 4, 2024**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE